Martin, J.
The widow and administratrix of the estate of the deceased, is appellant from a judgment which removes her from the administration, on the application of one of the creditors.
Hart died at the Havana, the 26th of May, 1843. His widow was appointed administratrix on the 20th September, 1843 ; the *535 judgment appointing' her was signed on the 2oth ; she took the oath on the 6th of October, and on the same day she filed a petition and obtained an order for the inventory. On the 11th of October, the petition for her removal was filed.
The application was under the 5th section of an act of the Legislature, passed the 16 March, 1842, (Sess. Acts, p. 302,) which provides that: “ Whenever the testamentary executor, or any other administrator of a succession shall suffer ten days to elapse after his confirmation or appointment, without having either qualified or caused an inventory to be at least begun, the Judge shall forthwith and ex officio appoint a successor in office, as if no such officer had been confirmed or appointed.”
The inventory was completed on the 20th of October. It appears to us that the Judge of Probates erred. The appointment of the administratrix was completed on Monday, the 25th September, and she took the oath on Friday, the 6th of October ; so that five days intervened in the last week of September, and five in the first week of October, making ten days between the completion of her appointment and the administration of the oath to her, and her application for and the issuing of the order to make the inventory. On Wednesday, the 11th of October, five days after, the present application for her removal was filed. The law has directed that the removal of the administratrix shall be an ex officio act of the Judge. It certainly may be provoked by any party interested, and perhaps even done on the suggestion of any one. The ten days after the appointment did not expire until Thursday, the 5th of October, and on the morning of the following day, the 6th, the Judge might perhaps have refused to permit her to qualify, and have taken measures for the appointment of another person in her stead. He, however, did not do so. Was he bound to do it 1 Within the ten days between her appointment and qualification, a Sunday intervened. On that day she could not have taken the oath. The law does not authorize a creditor to demand the removal of an administrator. It is an act which it vests in the Judge. Whenever a Judge acts, ex officio, he has always some discretion to exercise, unless the, law positively requires his performance of the act. When one of the creditors applied for her removal, he was perhaps in the *536 same situation, as if he had brought a suit in which the defendant had been cited on the 25th of September; and, no answer having been filed on the 5th of October, he would have had a right to take a judgment by default on the 6th. But if this was not done, and the answer was filed, the judgment by default could not be taken on the 7th.
The appellee’s counsel urges, that there has been great and unnecessary delay not only in taking the oath, but also in beginning the inventory. The delay complained of occured during the sickliest season of the year, when there is an almost perfect occlusion of most of- the courts of justice in the city, and when most of the members of the bar leave it. Notwithstanding this, much time does not seem to have been lost. The administratrix was appointed on the 25th of September, and the inventory was completed on the 20th October; less than one month having elapsed.
The discretion of the Judge would probably have been better exercised in declining to sustain the application of the appellee ; for the removal of the administratrix will be attended with probably more delay, than the learned Judge seems to have apprehended. The new appointment must be made, in the same manner as the original. - The act requires it. Certain formalities must precede it.
It does not appear to us that the appellant could have proceeded with much more expedition at that period of the year. The delay of part of a day in taking the oath, might have been overlooked under the maxim “ de minimis non curat lex.” An earlier day than the 20th of October had been appointed by the administratrix for making the inventory, and the record shows that, on the Sth of October, which was the day on which that operation was to take place, the appellant desired that it might be postponed, as she had failed to receive papers from the Havana, which were necessary.
The act of the Legislature does not require that both the oath should be taken, and the inventory begun within ten days after the appointment; the conjunction or is used, which is the disjunctive. The record does not enable us to see the precise time after obtaining the order for making the inventory, when the *537 administratrix took measures to have that operation begun. We see only, that on the 9th, two' days before the application for her removal, the inventory was to have been made, and was delayed by circumstances not within her control.
It is, therefore, ordered, that the judgment be annulled and reversed, and that the petition of the appellee for the removal of the administratrix, be dismissed with costs in both courts, and that she be reinstated in the administration.